UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WENDELL TEAGUE, RONALD TEAGUE  ) | |
| And SUSAN TEAGUE MARS, As Next of Kin  ) | |
| and as Administrators  of The Estate of  ) | |
| THOMAS ALLEN TEAGUE, deceased,  ) | |
|   ) | |
|   Plaintiffs,  ) | |
|   ) | |
|   vs.  ) | CIVIL ACTION NO: |
|   ) | |
| UPSON COUNTY, GEORGIA, DAN KILGORE  ) | |
| UPSON COUNTY SHERIFF, AND  ) | |
| JONATHAN BUSBEE, M.D.,  ) | |
| CAROL USSERY, LPN AND JANE DOE, LPN  ) | |
|   ) | |
|   ) | |
|   ) | |
|   Defendants.  ) | |

## COMPLAINT

Comes Now Wendell Teague, Ronald Teague and Susan Teague Mars as Next of
Kin of Thomas Teague and Wendell Teague as Administrator of The Estate of Thomas
Allen Teague, deceased, and files this Complaint against Upson County, Georgia, Upson
County Sheriff, Jonathan Busbee, M.D., Carol Ussery, LPN, Jane Doe who's initials are
EW, LPN.

1.

Plaintiff's Complaint  is an action for personal injury,  pain and suffering,  medical
expenses, funeral expenses, wrongful  death and punitive  damages, as well as an action
under the Civil Rights  Act of 1871, 42 U.S.C. §§ 1983 and 1988, to secure redress for the

violation by certain of said Defendants of Plaintiff's decedents Thomas Allen Teague's constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Said actions also seeks recovery for various claims arising out of certain of said Defendants' violations of certain Georgia statutory duties, as well as Georgia common law and certain Georgia state constitutional rights (Article I, Section I, Paras. I and XVII). Said action is also one for medical and nursing malpractice.

## PARTIES

### 2.

This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 (federal question) and 1243(3), (4) (civil rights). This Court also has pendent jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims, asserted herein, arising under Georgia law.

### 3.

Plaintiff's Susan Teague Mars, Ronald Teague and Wendell Teague are the surviving next of kin of Thomas Teague who died on September 4, 2014. Said Plaintiffs individually bring this action for wrongful death on their behalf for the full value of the said Thomas Allen Teague's life. Wendell Teague has petitioned to be the Administrator of the Estate of Thomas Teague. Said Plaintiff, Wendell Teague brings this action for Thomas Teague's pain and suffering prior to his death, medical expenses, funeral expenses, punitive damages and for violations of certain of said decedent's State of Georgia and United States constitutional rights and any other claim authorized by both state and federal law.

4.

Defendant UPSON COUNTY, GEORGIA was and is organized and exists under the laws of the State of Georgia. Upson County, Georgia is also a person within the meaning of 42 U.S.C. §§ 1983 and 1988 and amenable to claims under federal law. Said Defendant is subject to the jurisdiction of this Court and may be served through its Chairman of the Board of County Commissioners, namely RUSTY BLACKSTONE, Upson County Commission, 106 E. Lee Street, Suite 110, Thomaston, Georgia 30286. Venue is proper in this Court as to said Defendant.

5.

Defendant DAN KILGORE, is the Sheriff of Defendant Upson County, Georgia, employed by Defendant Upson County, Georgia, and was responsible for the administration of the Upson County Sheriff's Department, including the Upson County Jail and/or Detention Center (hereinafter "the Upson County Jail") at the times alleged herein. Said Defendant is subject to the jurisdiction of the Court and may be served at the Office of the Sheriff of Upson County, 235 Aviation Drive, Thomaston, Georgia 30286.

6.

Defendant JANE DOE, LPN a nurse who's initials are E.W., was an employee who contracted with the Upson County Jail of Defendant Upson County, Georgia, at the times alleged herein, employed as said Jail's nurse. Said Defendant is subject to the original and/or pendent jurisdiction of the Court and may be served at her place of employment, 235 Aviation Drive, Thomaston, Georgia 30286. Venue is proper in this

Court as to said Defendant.

7.

Defendant CAROL USSERY, LPN, was an employee who contracted with the Upson County Jail of Defendant Upson County, Georgia, at the times alleged herein, employed as said Jail's nurse. Said Defendant is subject to the original and/or pendent jurisdiction of the Court and may be served at her place of employment, Thomaston Medical Clinic, P.C., 615 S. Center Street, Thomaston, Georgia 30286. Venue is proper in this Court as to said Defendant.

8.

Defendant JONATHAN BUSBEE, M.D., is a physician practicing medicine in Upson County, Georgia and at the times alleged herein was the contract physician for the Upson County Jail. Said Defendant is subject to the original and/or pendent jurisdiction of the Court and may be served at his business address, Thomaston Medical Clinic P.C., 615 S. Center Street, Thomaston, Georgia 30286. Venue is proper in this Court as to Said Defendant.

9.

At the times alleged herein, Defendant Jonathan Busbee, M.D., was an agent and employee of Defendants Upson County Georgia and Upson County Sheriff, acting within the scope of his employment and agency.

10.

At the time alleged herein, Defendant Dan Kilgore, was an employee and agent of Upson County, Georgia, acting within the scope of his employment and agency.

11.

At the times alleged herein, Defendant Jonathan Busbee, M.D., had entered into an agreement and/or contract with Defendant Upson County to provide health care services at the Upson County Jail. Additionally, Defendant Jonathan Busbee, M.D. as the Upson County Jail's Physician, is responsible for providing and directing medical care and services to inmate detainees such as Plaintiff's decedent at the Upson County Jail. Plaintiff's decedent Thomas Teague was a third party beneficiary of said contact at all times alleged herein.

12.

At the times alleged herein, Defendant Sheriff Dan Kilgore, as shown herein, actively participated in certain unlawful action throughout the booking and/or detention stage of the said Thomas Teague, leading up to his untimely September 4, 2014 date of death.

13.

In September 2014, Defendant Upson County, Georgia, was responsible for the administration of said county's Sheriff's Department and Jail.

## FACTS

### 14.

As noted, Plaintiff's WENDELL TEAGUE, SUSAN TEAGUE MARS AND RONALD TEAGUE, are next of kin of the deceased, Thomas Teague. Said Plaintiff Wendell Teague, has petitioned for appointment to be the administrator of said decedent's estate.

### 15.

On August 7, 2014, decedent Thomas Teague (hereinafter "Teague") was processed into the Upson County Jail (hereinafter "Jail") as an inmate with a recorded medical history which included bradycardia and dizziness.

### 16.

As of said August 7, 2014 arrest date up through his September 4, 2014 date of death, Teague was incarcerated and under the custody of and control of Upson County, the Upson County Sheriff's Department, the Upson County Jail and/or various Upson County employees and/or agents.

### 17.

Mr. Thomas Allen Teague was admitted to Upson Regional Medical Center on August 27, 2014 for dizziness, low heart rate and chest pain.

18.

Mr. Teague advised that he had not taken his medicine in three weeks. Mr. Teague was then administered Acetaminophen and Heparin Sodium FL.

19.

Mr. Teague was advised that he would need to wear a Holter Monitor and Dr. Busbee will follow up with him in jail the next day. Mr. Teague was evaluated for Bradycardia.

20.

Mr. Teague wore the Holter Monitor for 24 hours before it was removed by Dr. Busbee, and the Holter report was read by Dr. Busbee.

21.

On September 1, 2014, Mr. Teague wrote on the Upson County Jail Medical Services Request that he had "blacked out in the shower hurt my left ankle hurt my neck and back. Vomiting for three days straight and got the runs. Heart is speeding up and down."

22.

On September 3, 2014, Mr. Teague wrote again on the Upson County Jail Medical Services Request that his "left foot is totally swollen, pinched nerve on the right of back, it affects me when I lay down". On September 4, 2014 he was prescribed Remeron, Trazodone, Risperdal and Loratab 5.

23.

On September 4, 2014 while being observed in a Detox holding cell, Mr. Teague died of double bronchial pneumonia. The Defendants took no action to perform CPR or Defibrillation in an effort to revive him.

24.

Mr. Teagues death was both forseeable and preventable. The Defendants failed to respond to his numerous medical requests and rendered treatment well below the standard of care.

25.

Defendant Jonathan Busbee, M.D. accepted Teague as his patient, established a patient-physician relationship and, pursuant to same, ordered Teague admitted to said hospital. Defendant Jonathan Busbee, M.D. failed to render proper standard of care medical diagnosis, care and treatment to Teague, as his patient and as an inmate at the Upson County Jail.

26.

Throughout Teague's period of incarceration leading up to his death, Jail Nurse Defendant Carol Ussery, LPN, failed to render proper standard of care nursing diagnosis, care and treatment to Teague as an inmate of the Upson County Jail.

27.

During Teague's Period of incarceration leading up to his death on September 9, 2016, the Upson County Defendants and various other Upson County and/or Upson County Sheriff's Department and/or Jail personnel were negligent in their official and in individual capacities in their handling, care and treatment of Teague as a Upson County Jail Inmate, which negligence contributed to the mental and physical pain and suffering Teague endured prior to his death and which negligence also let to Teague's death. Certain intentional actions or inactions on the part of the Upson County Defendants and/or other Upson Count, Upson County Sheriff's Department and/or Upson County Jail Personnel also contributed to Teague's last pain and suffering, as well as his untimely death.

28.

Teague's physical condition continuously deteriorated from August 27, 2014 up through his September 4, 2014 date of death, with certain accompanying mental and physical pain and suffering and his ultimate death being proximately caused by the negligent and/or intentional acts and omissions of Defendants Upson County, Georgia, the Upson County Defendants, said County's Sheriff's Department and certain of its officers and/or employees, Defendant Carol Ussery, LPN, Defendant Jane Doe, and Defendant Jonathan Busbee, M.D., such being evidenced in their deliberate indifference to Teague's life-threatening medical condition.

29.

Defendant Upson County, Georgia is responsible for promulgating the policies and procedures under which said County's Sheriff, Sheriff's Department and/or Jail's employees and officers acted and was, accordingly, acting under State Law.

30.

Defendant Upson County, Georgia, and Defendant Dan Kilgore failed to adopt proper policies and procedures, as well as failed to direct, train and supervise county and/or Jail personnel in the proper care and treatment of incarcerated inmates with medical conditions in county-operated facilities. Defendant Dan Kilgore and other Upson County Defendants failed to follow established county, Sheriff's Department and/or Jail policies and Procedures in the supervision, care and/or treatment of Teague.

31.

On December 30, 2014, via certified mail, Defendants Upson County, Georgia, Upson County Sheriff and Dr. Jonathan Busbee and others were notified in accordance with O.C.G.A. § 36-11-1, as well as copies of evidence of proper receipt of same, are attached hereto as Exhibit "A."

**CERTAIN CAUSES OF ACTION**

32.

The care and treatment of lack thereof of Teague by Defendants Jonathan Busbee, M.D., Carol Ussery, LPN and Jane Doe fell below the standard of care of the medical and nursing professions generally under like or similar circumstances.

33.

Plaintiff attaches hereto as Exhibit "B" the Affidavit of Lawrence Wilson, M.D., a medical doctor actively involved in the practice of medicine since 2009. Dr. Wilson's Affidavit sets forth at least one negligent act of Defendant Jonathan Busbee, M.D. in accordance with O.C.G.A. § 9-11-9.1. Dr. Wilson meets all requirements of the Georgia Civil Practice Act and Georgia law for the rendering of expert opinions against said Defendants as set forth in his Affidavit and in this case.

34.

Plaintiff attaches hereto as Exhibit "C" the Affidavit of Mitzi Weekley, R.N., a Registered Nurse actively involved in the practice of nursing since 1986. Ms. Weekley's Affidavit sets forth at least one act of negligence of Defendant Carol Ussery, LPN and Jane Doe in accordance with O.C.G.A. § 9-11-9.1. Ms. Weekley meets all requirements of the Georgia Civil Practice Act and Georgia law for the rendering of expert opinions against said Defendant as set forth in her Affidavit and in this case.

35.

Plaintiff brings the present action against Defendant Dan Kilgore, the other Upson County Defendants, Defendant Carol Ussery, LPN, Defendant Jane Doe, LPN and Defendant Jonathan Busbee, M.D. in their official capacities as employees of Defendant

Upson County, Georgia, and individually insofar as their failure to provide him timely and proper medical diagnoses, care and treatment during the period of his incarceration.

36.

As a result of the Defendants' actions and/or inactions, Plaintiff's decedent Teague received grossly incompetent and inadequate medical care or such a refusal to provide essential medical care so as to evidence as intentional violation of his constitutional rights.

37.

Plaintiff's bring this action pursuant to the provisions of 42 U.S.C. §§ 1983 and 1988 for a violation of the decedent's due process and Eighth Amendment rights under the United States Constitution prohibiting cruel and unusual punishment. Plaintiff's decedent Teague received grossly inadequate medical care, along with a failure to provide him proper treatment during the period of his incarceration. The acts and/or omissions of the Defendants were sufficiently harmful to evidence a deliberate indifference to Teague's serious medical needs during the period of his incarceration.

38.

Throughout Teague's period of incarceration leading up to his death, Jail Nurse Defendant Carol Ussery, LPN, and Defendant Jane Doe, LPN failed to render proper standard of care nursing diagnosis, care and treatment to Teague as an inmate of the Upson County Jail.

39.

During Teague's Period of incarceration leading up to his death on September 9, 2016, the Upson County Defendants and various other Upson County and/or Upson County Sheriff's Department and/or Jail personnel were negligent in their official and in individual capacities in their handling, care and treatment of Teague as a Upson County Jail Inmate, which negligence contributed to the mental and physical pain and suffering Teague endured prior to his death and which negligence also let to Teague's death. Certain intentional actions or inactions on the part of the Upson County Defendants and/or other Upson Count, Upson County Sheriff's Department and/or Upson County Jail Personnel also contributed to Teague's last pain and suffering, as well as his untimely death.

40.

Plaintiff's bring this action pursuant to the provisions of 42 U.S.C. §§ 1983 and 1988 for a violation of her decedent's due process and Eighth Amendment rights under the United States Constitution prohibiting cruel and unusual punishment. Plaintiff's decedent Freeman received grossly inadequate medical care, along with a failure to provide him proper treatment during the period of his incarceration. The acts and/or omissions of the Defendants were sufficiently harmful to evidence a deliberate indifference to Teague's serious medical needs during the periods of his incarceration.

41.

The Defendants' failure to provide Teague adequate medical care was so grossly incompetent and inadequate such as to shock the conscience, was intolerable to fundamental fairness and so inadequate as to evidence intentional mistreatment or a refusal to provide essential care. Said Defendants' delay in providing Teague access to proper medical care and treatment was tantamount to unnecessary and wanton infliction of pain, constituting deliberate indifference to Teague's medical needs.

42.

The Defendants had specific knowledge of Teague's medical needs beginning with his booking and during the period of his incarceration and their deliberate and intentional refusal to provide such necessary care constitutes a deliberate indifference to Teague. Said Defendants were aware that Teague needed medical care because of a serious risk of harm from illness as evidenced by Teague's clinical signs and symptoms during his period of incarceration, readily observable by a reasonable person who should know and appreciate the risk of harm as to Teague's serious medical needs.

43.

During Teague's period of incarceration, his need for medical treatment was obvious and the medical care provided by the Defendants was so cursory as to amount to no treatment al all, with same constituting deliberate indifference to Teague's medical needs. During Teague's period of incarceration, said Defendants were involved in a series of incidents, which disclosed a pattern of conduct amounting to deliberate indifference insofar as delayed or denied medical care and treatment. During the period of his incarceration, Teague was subject to repeated denial, delay, insufficient or inappropriate

medical treatment of an obviously sick inmate in serious need of medical care, all of which constitutes evidence of deliberate indifference on the parts of the Defendants.

44.

Defendant Upson County, Georgia failed to provide even minimally adequate medical care to Freeman during the period of his incarceration.

45.

Defendant Upson County, Georgia's medical care system at its Jail was so inadequate as to effectively deny Teague's access to appropriate medical care for his condition. Defendant Upson County, Georgia's established Policies and Procedures for providing medical treatment of inmates at its Jail further evidence such a lack of care so as to constitute deliberate indifference to Teague's medical needs.

46.

Defendant Upson County, Georgia, and Defendant Dan Kilgore failed to supervise county and/or Jail employees, including the Upson County Defendants and Jail Nurse Defendants Carol Ussery, LPN and Jane Doe insofar as their failure to follow adopted County Policies and Procedures regarding inmate medical care and treatment. Said Defendants also failed to establish, adopt, and implement proper policies and procedures to provide adequate medical care and treatment to county inmates.

47.

Defendant Dan Kilgore failed to adequately train and supervise his subordinates

and, particularly, the Upson County Defendants, with such failure constituting, among other things, a deliberate indifference to inmate's medical needs.

48.

The Policies and Procedures for medical care to inmates at its Jail adopted by Upson County, Georgia, and administered by and through Defendant Dan Kilgore were so inadequate as to constitute a violation of Teague's constitutional rights by providing inadequate, delayed and insufficient medical care and treatment such that its Policies and Procedures constitute evidence of actual deliberate indifference towards Teague's medical needs. Said inadequate Policies and Procedures included amount other things, having a nurse examine and treat seriously ill inmates with significant medical needs without a physician present; continuing to treat a seriously ill inmate without a physician being called upon to examine the inmate within a reasonable time thereafter; allowing physician consultations with nurses over the telephone instead of requiring direct observation, examination and working up of sick inmates; allowing a nurse to continue to see a seriously ill inmate without a physician ever examining the inmate; and by designing medical protocols which are primarily for cost-effectiveness and to save money by limiting direct physical care and hospitalizations of seriously ill inmates.

49.

The aforenoted deliberate indifference to Teague's serious medical needs by the Defendants violated Teague's constitutional due process rights in that the Defendant's actions were under color of state law. Additionally, the County and County Jail's Policies and Procedures relating to inmate medical care and treatment were promulgated and

carried out under the mandate of Georgia state statutes requiring that the county provide adequate medical care for its inmates, namely O.C.G.A. § 42-5-2, amongst others.

50.

The Defendants' deliberate indifference to Teague's medical condition and need for immediate medical intervention and their deliberate indifference in failing to properly train the aforenoted personnel to prevent deaths caused by medical emergencies were in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

51.

Certain of the aforenoted actions of the Defendants, except Defendant Upson County, evidenced intentional actions and/or at least a conscious indifference to act such that the Plaintiff Administrator is entitled to an award of punitive damages against said Defendants in an amount to be determined at any trial of this action.

52.

All Defendants were grossly negligent in the care of Thomas Teague in the following:

(a)      Failure to properly treat and monitor the condition of the patient in a timely manner when signs and symptoms of a potentially deteriorating condition are evident and probable;

(b)      Failure to ensure a safe environment;

(c)        Failure to properly document intake screening medical and mental health assessment and referral;

(d)        Failure to act upon, recognize and anticipate adverse reactions and/or side effects of withdrawal from phsychotropic medication;

(e)        Failure for the nursing staff to communicate in a timely manner the injuries incurred from falling in the shower and increased heart rate and blood pressure and complaint of heart slowing down and racing.

(f)        Failure to perform cardiopulmonary resuscitation (CPR), defibrillation and other life saving measures.

WHEREFORE, PLAINTIFFS pray as follows:

(a) That Plaintiff have judgment against the Defendants Upson County, Georgia, Upson County Sheriff, Jonathan Busbee, M.D., FACP, CCHP, Carol Ussery, LPN, Jane Doe who's initials are EW, LPN., jointly and severally, as to Plaintiff's claims for professional negligence, for sums in excess of $10,000 in addition to special damages.

(a) That Plaintiff be awarded a sum in excess of Ten Million Dollars as to their other causes of action set forth herein;

(b) That Plaintiff be awarded their costs and reasonable attorneys' fees;

(c) That Plaintiff have a jury trial at any trial at this matter; and

(d) That Plaintiffs have such other and further relief as this Court deems equitable and

proper.

/s/ L. Robert Lovett
L. ROBERT LOVETT
Ga. State Bar No. 459566
MATTHEW M. MYERS
Ga. State Bar No. 533351
*Attorneys for Plaintiff*


**Lovett & Myers, LLC**
530 Forest Hill Road
Macon, Georgia 31210
478-476-4500 Office
478-476-9090 Fax
